All right, so you're going to get to do something nobody ever gets to do much, which is make a one-sided argument. Good morning, Your Honors. May it please the Court. David Lau on behalf of LHF Productions Inc. Okay, let's start with the following. Your defense seems to be that, your argument seems to be that the Judicial Judge was wrong because we never said anything about a conspiracy. We never said anything about joint and several liability. All the way through your complaint, you're talking about conspiracies and joint and several liability. So I'm just baffled. There are many statements in your complaint about conspiracy and joint and several liability. Your Honor, the difference here is that we're talking about whether or not permissive joinder is appropriate versus whether there is joint and several liability. This case stems fundamentally, it falls within the Columbia and the Freedman cases. And we're supposed to ignore your allegations that got you to join her in deciding the rest of the case? Your Honor, the nature of BitTorrent is... We've read all this stuff. You're going to have to re-explain it. Answer her question. Right, very much. We didn't. In fact, Your Honor, we specifically pointed out that each defendant in this case committed a separate act of infringement. You said defendants each conspired with other infringers on the BitTorrent network to copy and distribute London Has Fallen, either in the same transaction or recurrence or a series of transaction or occurrences. And then you said that they're properly joined. I understand it was the joinder, but the infringement complaint appearing by each of the defendants was part of a series of transactions. And they jointly and collectively supported an advanced and economic business method, model of profiting. And they knowingly and actively participated in the conspiracy. And then you come and tell us you never said any of that. Your Honor, we don't disagree with any of that that we said. Oh, you don't, because you alleged it. Well, that's right. And that's what they defaulted to. But we, no, but what we also alleged is that... No, what do you mean no? There was a default judgment. There was a default judgment. Right, so we take the allegations of the complaint as true for purposes of default judgment. Across the board. So the answer to my question, that's what they defaulted to, is yes. They defaulted to participating in a conspiracy of using BitTorrent to each make a separate copy, which is a separate infringing act. But each didn't make a separate copy. Each did make a separate copy, Your Honor. That's what we specifically alleged. Okay. So let me, I want to understand what you want in this case. Just take any one of the cases, so one with 22 defendants. You want 22 $750 awards? Each defendant, whether we wanted... Yes? Yes. Okay. Don't have to explain. I'm just asking yes or no questions now. Do you want those 22 defendants to be jointly and severally liable? No. You want them to be only severally liable for their each $750 award? Each liable for their own separate act of infringement. Okay, because it's not clear from your appellate briefs whether you want separate judgments for each person and then joint and several liability. No, at no time did we request joint and several liability, Your Honor. That may well be, but I couldn't tell that from your briefing. So what you want is that you want 22 $750 awards. Your Honor, this case... Yes? Yes. Okay. Yes, if I may then. Absolutely. This case could have been brought, again, 22 separate cases right here. In fact, in some jurisdictions, the case... It could have been. It could have been. It could have been, but you chose instead to bring a joint case, and one of the things you alleged in your complaint is that I'm doing this because they're jointly and severally liable. You didn't have to allege that, but you did. Your Honor, at no point did we allege joint and several liability. No, you said... I just read it to you. You allege what you read. You didn't. I agree you didn't use the word joint and several liability, but you said they conspired and did all the things. That's what Judge Berzon was accurately reading from the complaint. You may not have had to allege that, but you did. The other side never showed up to defend it. They accepted your allegations as true. Had you alleged that they didn't conspire with each other, these are all separate acts that give rise to several liability, perhaps they would have shown up. Your Honor, may I address that issue? This is important, and I'm afraid there's a fair amount of confusion on this. You're familiar, of course, with the Columbia case from 20 years ago, and in that Columbia case, there were three separate TV stations that were accused of an infringement by Columbia. Those three stations were brought together in the same case, in part because it involved the same title, who's the boss, in part because they had common ownership. Within there, however, there was not joint and several liability as between... I know the Columbia case. Right, right. There was not joint and several liability as between them. There is a difference between them. Here's my problem, and you still haven't addressed it, and so I want to make it really clear so you're not missing it. That case wasn't a default judgment case, Columbia. Correct? Here we have a default judgment case. We have your complaint, which has lots of allegations in it about joint action, concerted action, conspired together, all the things that Judge We take the allegations of your complaint as true. That's all that's in front of the court. There's nothing else. There wasn't a trial. Given that, wasn't the court exactly proper in saying, taking your allegations as true, there was joint and several liability in this case? May I please, Your Honor, no, for this reason. In the complaint, we specifically allege that each of these different defendants made a separate copy, which is a separate infringing act. But then you also allege that they conspired together. That's right. May I... No, no, no, no, no. Yes. The way this works is I get to ask the questions, you get to answer them. You also allege that they conspired together, did you not? But those aren't, just because they conspired does not mean there's joint and several liability. Really? Yes. Yes, Your Honor. It means conspirators don't have joint and several liability. There is not joint and several liability when there is a statute under 504C1 says that for each separate work and for each separate infringer there is a different statutory  All right, so let me talk about that for a while. The reason that you, I mean, you didn't allege this stuff in the sky. You alleged it because of the way that BitTorrent works and the way, I mean, the conspiracies and the joint activity and all that. And my understanding is that the way it works is that, in fact, none of these individual people transmitted or distributed the whole movie. In fact, they distributed, you know, a minute part of the whole movie. Is that correct? Correct, but they each made an entire copy... So, in other words, in order to establish, just a minute, may I finish? Yes. Therefore, in order to establish a copyright violation by each of these people, each, as I understand it, you would have to demonstrate that whatever they transmitted was itself a copyrightable part of the movie. Correct. Have you done that? Yes. Could you possibly do that? Yes. But don't you allege the joint and several precisely because you can't do that? We don't allege the joint and several and we don't because we can demonstrate... Joint and collectively. Joint and, I'm sorry, it wasn't joint and several. Joint and collectively. It was, just a minute, you said that it was joint and some other word. Collectively. Jointly and collectively, not several. That's the distinction we're supposed to be drawing? No, Your Honor. We have evidence that each one of these defendants separately made a copy of a significant portion of the movie. That is a separate act. Did you allege that? Different from distribution or transmission. Did you allege a significant portion? Yes. Where did you allege that? We allege each defendant copied and distributed Plaintiff's Copyright Motion Picture, ER 569. That part isn't, we know from the rest of the way BitTorrent operates, isn't true. They didn't each, they each distributed a part of the copyrighted motion picture. I don't see where you say substantial. But they didn't distribute the whole movie. Your Honor, under copyright, there are several rights, as you well know. Among them are distribution rights and copying rights, right, the right of reproduction. Here, each defendant separately engaged both in a distribution of at least a small part of it, because that's the nature of BitTorrent. But each of them also engaged in making a separate copy, which is necessarily when they downloaded it to their machine. It's not possible to distribute part of a movie unless you also first download and make a copy of it. Relying on the download as well as the distributing. That's right. That's right, Your Honor. And we allege both of those. And I could go through those in the ER. We allege the defendant copied, the defendant without permission wrongfully misappropriated, reproduced, and redistributed. We say in here that defendant indirectly violated the rights by reproduction, by preparation of derivative works. That's the key, Your Honor. This is no different than a – Did they conspire with each other? They conspired because they all used the BitTorrent on a single hack. We know they conspired because you alleged it and they didn't answer. That's right. But if they conspired with each other and they were part of a joint plan or conspiracy, why isn't there joint and several liability? Because both Columbia and Friedman make it clear that for there to be joint and several liability, there must be a relationship between the parties right here. That's what you alleged at great length. They don't know we – Defendant's actions are part – this is actually not in the joint report. Defendant's – this is a different report. Defendant's actions are part of a common design, intention, and purpose to hide behind the apparent anonymity provided by the internet and the BitTorrent technology to download it. And they agreed with one another to use the internet and BitTorrent technology to engage in violation of federal statute to accomplish an unlawful objective. Because they all used the BitTorrent platform to do this. No, I think it's an accurate allegation. But I just want to, again, focus for a second on my problem. Sure. If you'd alleged – if you'd alleged these people weren't – didn't conspire together and weren't acting jointly, and then you had gotten a joint and several judgment against them, and one of them came in and complained, I think they would have had a good case, because they would have said we only defaulted to the allegations in the complaint. But they defaulted to the allegations in the complaint here, and the allegations in the complaint are of joint and several action. So why – under those circumstances, why does the court – I don't – I don't want to know why in general this kind of – this kind of problem wouldn't be a joint and several liability. I want to know, given the very specific allegations of your first amended complaint, why the judge erred in granting that judgment. Because among the other allegations here was that each separate defendant made a different copy, which constitutes a separate infringing act subject to a separate statutory  judgment. But the part I was reading you came – dealt with the download. And it said by participating in the swarm to download plaintiff's copyright motion picture, the defendants agreed with one another to use the Internet and BitTorrent. That's – that deals with the download. It doesn't deal with the distribution. Well, that's right, because they all used BitTorrent platform at different locations and different houses. You wrote your complaint, however you wrote your complaint. You didn't – you said – you didn't say that. You said they agreed with one another. Because by virtue, when you sign into a BitTorrent platform, you agree – a shrink-wrap license, you agree to participate in the redistribution of any of the media that you download onto your device. I will admit that I – I think correctly was rather distressed by your brief, which said that you didn't allege any conspiracy or any agreement. When I – all the way through here, you did. Now – now you're trying to tell me why it doesn't matter, but you – but your brief doesn't address the question of why it doesn't matter, because you asserted that you didn't do it, and of course you did. If I may beg the indulgence of the Court to give just a brief analogy, because I think this – this may be useful. Coffee shop located on the corridor. Public room where people come into there all the time, drink coffee, get out their notebooks and things like that. Somebody there makes a – a legal copy of a movie called London Has Fallen. Scribbles on the top, leaves it sitting on there. Each of those people that go down there notice that there's a copy there, and let's say that they decide to take that copy, plug it in their laptop, and make a copy at that point in time. They make a copy, then they set it back on the table. The next person sees them doing that – Okay. Do those people agree with one another to use the Internet and BitTorrent technology to engage in a violation? Each one of them has agreed to use a copy to rip that, a program on their device that rips that. They agreed at all, but you allege these people agreed. See, that's – They all agreed to? That's the – that's the essential problem. You may well be right in your description of what you should have alleged. You should have alleged that these people separately engaged in copyright violations and didn't conspire with each other and weren't part of a common plan or design. And if you had alleged that, the folks who got served with the complaints would have said, oh, my God, I face $750 of liability myself. But that's not what you alleged. And so – and I know that they didn't think anything when they got served with this, but we're – they're entitled to default to the allegations of the complaint and not the allegations you might have made. And the ones you're making now are terrific. I suspect they're legally right, but they're not the allegations in your complaint. If I may, Your Honor, but they – but they are because, yes, I don't – I don't disagree the fact that we talked about, for permissive joinder purposes, that there was some similar transaction.  Excuse me. That last paragraph I was reading was not for that joinder. Reading from the amended complaint. Right. Right. I'm talking about the amended complaint right here. But we, throughout that amended complaint – Excuse me. Did you hear what I said? I'm sorry. That last paragraph I read you was not with regard to the joinder in the complaint. It was in the merits part of the complaint. Right.  created a separate copy. And under the Copyright Act, that right there – Would you show me where you said that? Yes, Your Honor. One is on – there's multiple – if you look at the error 569, paragraph 10. So if they conspired to create a separate copy. Let me – let me give you a – A separate copy. Let me give you a counterfactual thing for a moment. The defendants get together and say, we'll all make a separate copy of something. Are they jointly and severally liable? No, because they each create a different copy, even though they conspired. That's right. They conspire, and that's what makes permissive joint or appropriate, is because they're similar facts, the similar hash of the title, things like that. But that's different from the fact that under copyright law, you look at, and Friedman said, you look at per work and per infringer. You've got ten different infringers, none of which knew each other, other than their decision to participate in the bit. I agree. I happen to think your argument in your complaint that they conspired and that they engaged in a joint plan and that it was collective action is something you couldn't have proved. But that's a separate issue. We have to take it as true, don't we? Well, right. But we did that to appeal specifically to the courts, which many jurisdictions agree with, that it makes sense in these cases for there to be permissive jointer because of the similarities that apply. You've got similar hash of a similar title, but none of that diminishes from the fact or changes the situation that each separate defendant, as was alleged in this complaint, and what must be taken as true, willfully made their own copy and created a separate act of infringement for which under 504c1, the plaintiff is entitled to a separate statutory damage. Okay. And your time is up. Thank you very much. Thank you. The case of LHF Projections v. Lightner is submitted.
judges: Berzon, Hurwitz, Dearie